UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DIONDREY HARDWICT, ) | |
| ) | |
| Movant, ) | |
| ) | No. 4:12-CV-58 CAS |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on movant Diondrey Hardwict's Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. § 2255. The government has responded to the motion and it is fully briefed and ready for decision. For the following reasons, the Motion to Vacate, Set Aside or Correct Sentence will be denied.

**Background**

On July 22, 2009, movant was charged by criminal indictment with four counts of intentional distribution of in excess of five grams of crack cocaine, and one count of possession with intent to distribute in excess of five grams of crack cocaine. See Case No. 4:09-CR-469 CAS; Doc. 1.

Movant made an initial appearance before a United States Magistrate Judge on July 22, 2009. Attorney Lucille G. Liggett was appointed to represent movant. Movant was arraigned on July 24, 2009, and entered a plea of not guilty. On July 28, 2009, attorney Brian S. Witherspoon entered his appearance on behalf of movant. Movant filed a waiver of pretrial motions.

On January 5, 2010, movant changed his plea to guilty at a change of plea hearing. Before the plea hearing, the government filed a criminal information, notifying movant of its intention to seek an enhanced sentence of a term of imprisonment of not less than ten years nor more than life,

a fine of not more than $4,000,000, and a term of supervised release of not less than eight years nor more than life, pursuant to 21 U.S.C. § 841(b)(1)(B)(iii). (Criminal Information, Doc. 30 in Case No. 4:09-CR-469 CAS (electronic time stamp 9:59 a.m.)). The fact that the criminal information had been filed and triggered the application of a ten-year mandatory minimum sentence was addressed several times at the plea hearing. (Plea Tr. at 5, 6, 10, and 13, Doc. 55 in Case No. 4:09-CR-469 CAS).

The parties reached a written plea agreement, under which movant would plead guilty to Count III of the five-count indictment and in return the government agreed to dismiss Counts I, II, IV, and V at the time of sentencing. (See Plea Agreement at 2, Doc. 32 in Case No. 4:09-CR-469 CAS). Movant pleaded guilty as charged before this Court to Count III, pursuant to the plea agreement. The matter was set for sentencing and a Presentence Investigation Report ("PSR") was ordered. (Doc. 39 in Case No. 4:09-CR-469 CAS).

The plea agreement stated in part that movant was fully satisfied with the representation he received from defense counsel, and had reviewed the government's evidence and discussed the government's case and all possible defenses and defense witnesses with defense counsel (Plea Agreement at 14). The plea agreement also stated that defense counsel completely and satisfactorily explored all areas defendant had requested relative to the government's case and any defenses. (Id.). In the plea agreement, movant waived his right to file an appeal with respect to all non-jurisdictional issues. (Id. at 3). Movant also waived all rights to appeal all sentencing issues, except the career offender designation. (Id.). Movant also waived the rights to contest the conviction or sentence in any post-conviction proceeding, except for claims of prosecutorial misconduct or ineffective assistance of counsel. (Id. at 4).

On April 8, 2010, the Court sentenced movant to the mandatory minimum sentence—a term of 120 months imprisonment on Count III. Pursuant to the plea agreement, the government dismissed Counts I, II, IV, and V of the indictment. Movant was also sentenced to eight years supervised release. (See Judgment, Doc. 40 in Case No. 4:09-CR-469 CAS).

Movant filed a notice of appeal on April 20, 2010. On October 25, 2010, the Eighth Circuit Court of Appeals granted the government's motion to dismiss the appeal based on defendant's appeal waiver.

Movant asserts four grounds in his § 2255 motion:

(1) the government violated the plea agreement by filing the § 851 enhancement;

(2) movant received ineffective assistance of counsel because his attorney misrepresented the terms of the government's plea offer;

(3) the law has changed; and

(4) the PSR was inaccurate.

**Legal Standard**

Pursuant to 28 U.S.C. § 2255, a defendant may seek relief on grounds that the sentence was imposed in violation of the Constitution or law of the United States, that the court lacked jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. To warrant relief under § 2255, the errors of which the movant complains must amount to a fundamental miscarriage of justice. Davis v. United States, 417 U.S. 333 (1974); Hill v. United States, 368 U.S. 424, 428 (1962).

It is well established that entry of an unconditional guilty plea waives all challenges to the prosecution of a criminal case, except for those related to jurisdiction. See United States v. Winheim, 143 F.3d 1116, 1117 (8th Cir. 1998); Smith v. United States, 876 F.2d 655, 657 (8th Cir.),

cert. denied, 493 U.S. 869 (1989). Collateral review of a guilty plea is therefore "ordinarily confined to whether the underlying plea was both counseled and voluntary." United States v. Broce, 488 U.S. 563, 569 (1989).

A movant faces a "heavy burden" to establish ineffective assistance of counsel in the context of § 2255. United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996). To prevail on an ineffective assistance of counsel claim, a movant must show both that (1) counsel's performance was deficient, and (2) he was prejudiced by the deficient performance. See McReynolds v. Kemna, 208 F.3d 721, 722 (8th Cir. 2000) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). A court may address the two prongs in any order, and if the movant fails to make a sufficient showing of one prong, the court need not address the other prong. Strickland, 466 U.S. at 697; Fields v. United States, 201 F.3d 1025, 1027 (8th Cir. 2000).

Under the deficient performance inquiry of Strickland, a court considers whether counsel's performance was reasonable "under prevailing professional norms" and "considering all the circumstances." Burkhalter v. United States, 203 F.3d 1096, 1098 (8th Cir. 2000) (quoting Strickland, 466 U.S. at 688). It is presumed that counsel acted reasonably, and much deference is granted to counsel's performance. Id.; see Parkus v. Bowersox, 157 F.3d 1136, 1139 (8th Cir. 1998). Prejudice is shown if there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. "Because the failure to establish prejudice can be dispositive of the case," this Court "need not address the reasonableness of the attorney's behavior if the movant cannot prove prejudice." Apfel, 97 F.3d at 1076 (citations omitted). Further, statements which are self-serving and unsupported by

evidence do not establish a basis for relief under § 2255. Apfel, 97 F.3d at 1077.

The Strickland standard applies to guilty plea challenges premised upon allegations of ineffective assistance of counsel. Hill v. Lockhart, 474 U.S. 52, 58 (1985). To satisfy the second prong's "prejudice" requirement in the context of a guilty plea, the movant must show "there is a reasonable probability that, but for counsel's errors, he would have not pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59.

"A § 2255 motion 'can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" Sanders v. United States, 341 F.3d 720, 722 (8th Cir. 2003) (quoting Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995)).

**Discussion**

**A.     Prosecutorial Misconduct - Breach of the Plea Agreement**

Movant's claims that "Mr. Cristian M. Stevens [the AUSA] told my lawyer Mr. Brian S. Witherspoon that he would not file the § 851 if I plead[ed] [guilty] to Count III, he would dismiss the other [four] counts against me." (Motion at 5). Movant claims the AUSA broke a verbal agreement by filing the criminal enhancement pursuant to § 851.

Movant's claim, however, is directly contradicted by the plea agreement itself, and several statements on the record at the plea hearing. Although there appears to be some initial confusion on the part of movant at the plea hearing, the record establishes that he was told several times before he pleaded guilty, and he understood, that the § 851 criminal information had already been filed. In fact, movant acknowledges this at the hearing, "Now I come today, I get the § 851 enhancement

motion filed, and I have two cases ran into one, which Count II is nothing but 20 grams." (Plea Tr. at 3).

The AUSA addresses movant's confusion, stating:

> MR. STEVENS: Judge, the deal is the way the stipulation reads now is that he's going to plead guilty to Count III and that's all. Previously in my discussions with Mr. Witherspoon we discussed my offer was multiple counts. Mr. Witherspoon came back to me and said one count. That's what I agreed to. There is relevant conduct that's still in the stipulation. It's substantially less than the entire relevant conduct I think I could readily prove. It's 35 grams or more.
>
> That being said, Count III as the defendant said deals with about 20 grams. That being said, I don't expect this defendant to be over the statutory mandatory minimum in any event. And I told Mr. Witherspoon that if somehow the relevant conduct would have put him over the statutory minimum, I would agree to a statutory minimum sentence.
>
> . . .
>
> MR. WITHERSPOON: Judge, I believe Mr. Hardwict's concern as he expressed it to me earl[ier] was that with the filing of the criminal information on the 851 case, there would be a five-year mandatory minimum case becomes a ten-year mandatory minimum case. And his expectation was that –
>
> THE COURT: Well, hold on. Let me see what Mr. Stevens is saying. Are you saying that in terms of a mandatory minimum, were you talking about five years?
>
> MR. STEVENS: No, ten years, Judge. We filed the Information today. That was always in the deal. . . .

(Id. at 5).

Following these statements, movant's counsel stated that he repeatedly asked the government to consider not filing the § 851 enhancement. Movant's counsel stated that although Mr. Stevens said he "would think about it," Mr. Stevens chose to file the criminal information prior to the plea hearing. (Id. at 6). Furthermore, movant's counsel stated, "Each of the previous incarnations of the stipulation did have the language regarding the ten-year mandatory minimum." (Id.). For its part,

the government stated repeatedly that it filed the § 851 enhancement, which triggered a ten-year mandatory minimum sentence. (See, e.g., id. at 10).

The plea agreement itself specifically references the mandatory minimum sentence and the criminal information filed by the government, stating:

> A. **Statutory Penalties:** Defendant fully understands that the maximum possible penalty provided by law as to Count Three is imprisonment of not less than ten years and not more than life, or a fine of not more than $4,000,000, or both. The Court shall impose a period of supervised release of not less than eight years.
>
> The Government has filed its Criminal Information pursuant to 21 U.S.C. § 851(a), subjecting defendant to increased punishment pursuant to 21 U.S.C. § 841(b)(1)(B)(iii).

(Id. at 11-12).

The plea agreement also includes an "entire agreement" clause which states:

> This document constitutes the entire agreement between defendant and the Government, and no other promises or inducements have been made, directly or indirectly, by any agent of the Government, including any Department of Justice attorney, concerning any plea to be entered in this case or the agreements, recommendations or stipulations contained herein. In addition, defendant states that no person has, directly or indirectly, threatened or coerced defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

(Id. at 15).

Movant's assertion that the government agreed not to file the § 851 enhancement in exchange for movant pleading guilty to Count III is directly contradicted by the relevant language of the plea agreement. In addition, during the plea proceedings, movant was clearly aware that the government's offer included the § 851 enhancement and movant agreed to enter a guilty plea pursuant to those terms.

The record establishes that movant entered a plea of guilty fully understanding the terms of

the plea agreement. He pleaded guilty to Count III knowing that the § 851 enhancement applied. Movant's first ground, prosecutorial misconduct based on the government's verbal agreement not to file the § 851 enhancement, is therefore denied.

**B.      Ineffective Assistance of Counsel**

In his second ground for post-conviction relief, movant asserts his counsel was ineffective. His argument, in its entirety is: "My lawyer tried to change his statement from what he said U.S. Attorney deal he presented to me about the (851)." The Court construes this argument as a claim of ineffectiveness because movant's attorney misrepresented the terms of the government's plea, and these misrepresented terms were presented to the Court at the plea proceedings.

This issue was addressed at the plea hearing:

> MR. WITHERSPOON: Judge, Mr. Hardwict's recollection of our conversations differs from my recollection of the conversations. And he believes that he was lied to by me. Now, that being the case, I think the Court–
>
> THE COURT: Oh, please. Stop right there. No. I happen to overhear what Mr. Hardwict said. He said that, you know, about this 851, that you said that Mr. Stevens was not going to file that. And it seems that apparently Mr. Stevens was not necessarily going to file it because he files it this morning. . . .
>
> But sometimes things are miscommunications. You may have told him that they have not filed it and may not file it, and you don't expect them to file it. Because here it is on the eve of this matter when obviously this matter is set for plea when Mr. Stevens decides to file it, and he gives no reason. So obviously if he hadn't filed it before this morning, he had some reservations about doing so.

(Plea Tr. at 7-8).

As stated above, a movant "faces a heavy burden" to establish ineffective assistance of counsel pursuant to § 2255. DeRoo v. United States, 223 F.3d 919, 925 (8th Cir. 2000). To succeed, a movant must show that counsel's performance was deficient and that the deficient performance prejudiced movant's case. See Strickland, 466 U.S. 668, 687 (1984). In the context

of a guilty plea,

to satisfy the second prong's "prejudice" requirement, the movant must show "there is a reasonable probability that, but for counsel's errors, he would have not pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59.

First, as stated with respect to movant's first ground for relief, the transcript of the plea hearing and the plea agreement show that movant was told several times that the § 851 enhancement had been filed and that he was subject to a ten-year mandatory minimum. If in fact Mr. Witherspoon initially misrepresented the terms of the government's plea offer, the correct terms of the plea offer were sufficiently explained to movant prior to his entering his plea. See Part A, supra.

Furthermore, movant cannot met the prejudice prong of Strickland, because he cannot show he would not have pleaded guilty but for counsel's ineffective assistance. Again, assuming Mr. Witherspoon misrepresented the terms of the government's plea offer, movant was well informed of the actual offer and the filing of the § 851 enhancement at the plea hearing. He was told several times that the government filed the § 851 enhancement, triggering a ten-year mandatory minimum. See, e.g., Plea Tr. at 10 ("We filed the Information, and that would make it the mandatory minimum of ten years."). Movant pleaded guilty, after the correct terms of the plea agreement were set out at the plea hearing and in the plea agreement. Movant simply cannot show deficient performance of counsel that prejudiced his case.

In sum, movant has not established that his counsel's performance was deficient. Strickland, 466 U.S. at 687; McReynolds, 208 F.3d at 723. He cannot show that his plea was not knowing and intelligently made. Even if his counsel misrepresented the terms of the government's plea offer, which the Court does not find, movant was correctly informed at the change of plea hearing that the

government had filed the § 851 enhancement. Movant's second ground for relief will be denied.

**C.     Changes in the Law**

Movant's third claim, in its entirety, is that the "law has change[d]." (Mot. at 5).  In his traverse, movant states that the law changed to address the disparity in sentences for crack and powder cocaine crimes. Although this claim was not specifically addressed in movant's motion, and the government did not respond to it, the Court will address it. Cf. Thompson v. Missouri Bd. of Parole, 929 F.2d 396, 399 & n.3 (8th Cir. 1991) (addressing merits of claims which were not raised in habeas petition but were raised in "supplemental pleadings," including traverse.).

Presumably, movant is referring to the Fair Sentencing Act ("FSA"), which took effect on August 3, 2010. The FSA increased the drug amounts triggering mandatory minimums for crack trafficking offenses from 5 grams to 28 grams with respect to the 5-year minimum and from 50 grams to 280 grams with respect to the 10-year minimums. This change had the effect of lowering the 100-to-1 crack-to-powder ratio to 18-to-1. See Dorsey v. United States, 132, S. Ct. 2321, 2329 (2012).

The Eighth Circuit has held that the Fair Sentencing Act of 2010 is not retroactive. United States v. Sidney, 648 F.3d 904, 905 (8th Cir. 2011) (collecting 8th Circuit Cases). This holding has been modified by the Supreme Court's Dorsey opinion, so that the more lenient penalties of the FSA apply to those crack cocaine offenders whose criminal conduct occurred before the FSA's enactment, but who were sentenced after that date. Dorsey, 132 S. Ct. at 2329. Movant's criminal conduct occurred on June 22, 2009, before the effective date of the FSA; he was sentenced on April 8, 2010, also before the effective date of the FSA. Because neither movant's conduct nor his sentencing occurred after the FSA was enacted on August 3, 2010, the FSA simply does not apply

to his case. The FSA's more lenient penalty provisions do not apply retroactively to movant. See Dorsey, 132 S. Ct. 2321, 2326. Movant's third ground for post-conviction relief will be denied.

**D.    Inaccuracies in PSR**

In his third ground for post-conviction relief, movant asserts that his PSR was inaccurate at the time of sentencing. In support of this claim, he cites to page 2, line 7 through page 3, line 11 of the sentencing transcript, which states as follows:

> THE COURT: . . . Mr. Witherspoon, you've had occasion to review this presentence investigation report?
>
> MR. WITHERSPOON: Yes, Your Honor, I have. And we did file some objections. However, before court convened this morning, I had the opportunity to speak with Mr. Stevens as counsel for the government and with Mr. Kennemer, who is the author of the presentence report. And with regard to the objections that have to do with municipal violations that are included in the report. I think the parties have agreed, Your Honor, that the Court can sustain those objections and that they would not count against Mr. Hardwict's criminal history based on –
>
> THE COURT: Very well.
>
> MR. WITHERSPOON: --information available.
>
> THE COURT: What about that, Mr. Stevens?
>
> MR. STEVENS: Yes, sir, Judge. I agree with what Mr. Witherspoon said. I'm not conceding that it wasn't defendant.
>
> THE COURT: Well, I've never seen you agree with much he had to say, but go ahead.
>
> MR. STEVENS: I'm not conceding that the defendant didn't necessarily commit those or that he was not represented or otherwise waived counsel or that it wasn't him that did those, but what I am conceding is they don't affect the ultimate sentence in this case, and so I see no reason for us to quibble over that. Although it would affect the criminal history category, that's not going to affect the sentence.
>
> THE COURT: Very well. Those objections will then be sustained.

(Sentencing Tr. at 2-3 (Doc. 49), Case No. 4:09-CR-469 CAS).[1]

During the sentencing hearing, the government conceded that movant's objections to the PSR did not affect the ultimate sentence in this case, and the government agreed that the Court could sustain the objections. (Id. at 2). The Court, therefore, sustained the objections to the PSR. (Id. at 3). Because movant's objections to the PSR were sustained at the sentencing hearing, he did not suffer prejudice with respect to the alleged inaccuracies in the PSR.

Additionally, pursuant to section 5G1.1(b), movant faced a statutorily required minimum sentence of ten years imprisonment. The Court sentenced him to ten years imprisonment, the mandatory minimum. Even if the Court had not sustained his objections to the inaccuracies in the PSR, movant's sentence would have been ten years. Movant cannot show any prejudice based on the alleged inaccuracies in his PSR.

Based on the foregoing, the Court finds that movant raised his objections to the inaccuracies in the PSR at sentencing, and the Court sustained these objections. Even if movant had been unsuccessful with respect to his objections, he would have received the same mandatory minimum sentence. This ground should therefore be dismissed.

**Conclusion**

For the foregoing reasons, the Court finds that each of the grounds raised in movant Diondrey Hardwict's Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. § 2255 is without merit and the motion should be dismissed without an evidentiary hearing.

---

[1]Movant also wrote a letter to the Court in Case No. 4:09-CR-469 CAS, in which he states: "Mr. Shaw I'm writing you to let you know that I have documents showing I wasn't charge[d] for those crimes that I want to argue on my [PSR] and also prove to you that my criminal history would have put [me] in category III sentence range of 15-21 months instead of 21-27 months." See Doc. 36; Case No. 4:09-CR-469.

Accordingly,

**IT IS HEREBY ORDERED** that movant Diondrey Hardwict's Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. § 2255 is **DENIED**. [Doc. 1]

**IT IS FURTHER ORDERED** that movant's motion to advance 28 U.S.C. § 2255 motion is **DENIED as moot**. [Doc. 27]

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability as to any of the claims raised in movant's § 2255 motion. See Slack v. McDaniel, 529 U.S. 473, 484-85 (2000); Miller-El v. Cockrell, 537 U.S. 322, 342 (2003).

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 29th day of May, 2013.